## Case No. 211.

### ALLEN v. ALLEN'S EX'R.

[3 Wall. Jr. 248;[1] 14 Leg. Int. 148; 5 Pittsb. Leg. J. 22.]

Circuit Court, W. D. Pennsylvania. May Sessions. 1857.

JURISDICTION—ORPHANS' COURT OF PENNSYLVANIA.

The fact that by the laws and customs of Pennsylvania, the orphans' court of the county, as a special court of equity, has jurisdiction of the accounts of executors, &c.. is no bar to the federal courts exercising jurisdiction over exactly the same subjects;—other things allowing, and the orphans' court not having at the time actual possession of the case or parties.

[1][Reported by John William Wallace, Esq., and here reprinted by permission.]

In equity. This was a suit in equity at Pittsburgh, Allegheny county, in which the complainants set forth by their bill that one Allen, of that county, the testator of the defendants, being owner of a large real and personal estate, died, having made by his last will certain annuities, bequests and devises, some out and out, and several in trust. Then averring themselves to be interested under the will, and showing that they were on the grounds of alienage, &c., entitled to sue in the federal courts, they prayed that the rights of themselves and all parties might be ascertained and declared by a decree of this court; that an account of the personalty might be taken under the direction of this court; that after payment of debts, &c., the residue of the assets might be marshalled and applied to the exoneration of the real estate from the annuities; or if insufficient so to do, to do relief so far as it would go; praying further, a discovery of the personal assets, and how they had been applied, and whether the defendants meant to charge the realty with the payment of the annuities. To this part of the bill there was a plea, that "this court has no jurisdiction over the matters and things, &c., because the same are by the laws and customs of Pennsylvania within the exclusive cognizance of the orphans' court of Allegheny county, and are impleadable and ought to have been impleaded in the said court, &c., and not elsewhere; the said court being the only proper jurisdiction, and being, moreover, competent to administer a complete and adequate remedy in the premises." The plea did not allege the pendency in that court of any litigation between the parties on the same subject matter.

The question, therefore, now before this court was the sufficiency of the plea: a point on which, after arguments by Mr. Shaler and Mr. Loomis, for the ccomplainant, and by Mr. Williams, for the respondent, the court's opinion was thus given by

GRIER, Circuit Justice. It is not disputed that the plaintiffs have a right under the constitution and laws of the United States to come into this court for relief, nor that the relief sought is such as a court of equity administers; but it is alleged that by the law of Pennsylvania, the orphans' court having exclusive cognizance of these matters, the defendant could not be impleaded, except before the judge of that court. This is no doubt true as between the various courts of Pennsylvania. Their courts of common law jurisdiction, whether criminal or civil, could not give the remedy sought for in this bill, for the reason that a special court has been constituted with chancery powers, having jurisdiction of the accounts of executors and administrators, the care of the persons of orphans, power to order the sale of the real estate of a deceased person, to pay his debts,

and many other matters. But it by no means follows that by such a distribution of the judicial powers of the state courts, the courts of the United States can be ousted of the jurisdiction conferred on them by the constitution and laws. The court of common pleas is the only one that can give a remedy by action of ejectment or debt, but it does not follow that because no other court in Pennsylvania can give such a remedy and the jurisdiction of the common pleas is consequently exclusive on the subjects, that foreigners and citizens of the other states of the Union may not have their remedy in courts of the United States. A party who has a right to sue in the courts of the United States cannot be divested of that right by the laws of any state. The relief sought by this bill is within the well established boundaries of the jurisdiction of a court of chancery. No other court has obtained possession of the subject matter or the parties. The action of this court cannot affect in any way the settlement of any amount by the executors in the orphans' court. It will produce no conflict of jurisdiction. In the case of Aspden's Estate, [Case No. 589;] (and see 1 Wall. Jr. 217, [White v. Brown, Case No. 17,538,]) which we decided in 1853 at Philadelphia, the orphans' court of that city settled the account of the executors whom Aspden had appointed, then removed them and appointed others, and had the whole care of the personal estate, while the various claimants under the will were contesting their rights in the court of the United States for twenty years. When money was ordered by the circuit court to be paid out of the fund by the executor, such order was a sufficient voucher for his settlement in the orphans' court; while the circuit court held the parties concluded as to amount and credits by the accounts settled in the orphans' court. The orphans' court of Pennsylvania is a court of chancery of limited jurisdiction, and is no more exclusive of the United States courts than is any other court in the state. There will be no necessary conflict of jurisdiction; and the plaintiff has an undoubted right to the relief prayed for in this bill. The plea to the jurisdiction is, therefore, overruled, and the clerk of this court is appointed master to state an account as prayed for in the bill, and the decision of other questions suspended till the coming in of the account.